UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMOS N. JONES,<br><br>*Plaintiff,*<br><br>v.<br><br>CAMPBELL UNIVERSITY, *et al.,*<br><br>*Defendants.* | **Case: 1:18-mc-00100**<br>**Assigned To: Cooper, Christopher R.**<br>**Assign. Date: 07/25/2018**<br>**Description: Misc.**<br><br>Case No. 1:18-cv-0321-CRC |

## DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

Defendants, Campbell University, Incorporated (incorrectly named as "Campbell University"), John Bradley Creed, Robert C. Cogswell, and Timothy Zinnecker (the "Campbell Defendants"), by counsel, respectfully move the Court to impose sanctions on Plaintiff, Amos N. Jones, Esq., and his attorney, Arinderjit (A.J.) Dhali, Esq., under Federal Rule of Civil Procedure 11(b).

Defendants hereby incorporate, by reference, their contemporaneously filed Memorandum in Support of Defendants' Motion for Sanctions under Federal Rule of Civil Procedure 11(b). The April 20, 2018 letter that defense counsel sent to Plaintiff's Counsel pursuant to Federal Rule of Civil Procedure 11(c)(2) is attached to the Memorandum as <u>Exhibit A</u>.[1]

WHEREFORE, the Campbell Defendants respectfully move the Court to impose appropriate sanctions against Plaintiff and his attorney, including an order to pay the Campbell

---

[1] In accordance with LCvR 7(m), defense counsel attempted to confer with Mr. Dhali by sending the letter required by Fed. R. Civ. P. 11(c)(2) on April 20, 2018. As of the time of this filing, Mr. Dhali has not responded and Plaintiff has not withdrawn his claims as to the Campbell Defendants; the Motion should therefore be treated as contested.

Defendants their reasonable expenses, including attorneys' fees, incurred in defending this action.

This 31st day of May, 2018.

Respectfully submitted,

_/s/ Zachary S. Stinson_
Zachary S. Stinson, D.C. Bar No. 1013536
Michael J. Murphy, D.C. Bar No. 421287
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
zach.stinson@ogletree.com
michael.murphy@ogletree.com

Gina W. Calabro, *admitted pro hac vice*
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Tel: (919) 789-3178
gina.calabro@ogletree.com
*Counsel for Defendants Campbell University,*
*John Bradley Creed, Timothy Zinnecker, and*
*Robert Cogswell*

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true copy of the foregoing was electronically filed via the Court's ECF filing system on this 31st day of May, 2018, which will notify registered counsel listed below:

> Arinderjit (A.J.) Dhali, Esq.
> Dhali PLLC
> 1828 L Street, N.W., Suite 600
> Washington, D.C. 20036
> (202) 556-1285
> ajdhali@dhalilaw.com
> *Counsel for Plaintiff, Amos N. Jones*
>
> Thomas L. McCally, Esq.
> Carr Maloney P.C.
> 2020 K Street, N.W., Suite 850
> Washington, D.C. 20006
> (202) 310-5500
> tlm@carrmaloney.com
> *Counsel for Defendant The Catholic University of America*

>    */s/ Zachary S. Stinson*
> Zachary S. Stinson, D.C. Bar No. 1013536
> OGLETREE, DEAKINS, NASH,
>   SMOAK & STEWART, P.C.
> 1909 K Street, N.W., Suite 1000
> Washington, D.C. 20006
> Tel: (202) 887-0855
> Fax: (202) 887-0866
> zach.stinson@ogletree.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

AMOS N. JONES,

        *Plaintiff,*

    v.

CAMPBELL UNIVERSITY, *et al.,*

        *Defendants.*

Case No. 1:18-cv-0321-CRC

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

Defendants, Campbell University, Incorporated (incorrectly named as "Campbell University"), John Bradley Creed, Robert C. Cogswell, and Timothy Zinnecker (the "Campbell Defendants"), by counsel, respectfully move the Court to impose sanctions on Plaintiff, Amos N. Jones, Esq., and his attorney, Arinderjit (A.J.) Dhali, Esq., under Federal Rule of Civil Procedure 11(b), and/or the inherent authority of the Court.[1]  As set forth herein, Plaintiff and his attorney should pay the reasonable expenses, including attorneys' fees, incurred by the Campbell Defendants because, in violation of Rule 11, Plaintiff and his attorney failed to dismiss the claims against the Campbell Defendants after it was clear this Court lacked personal jurisdiction over these North Carolina-based Defendants.  Instead of dismissing this action and refiling in a court where personal jurisdiction would be available (such as a court in North Carolina), Plaintiff amended his complaint to include a legal theory of personal jurisdiction unwarranted and

---

[1] In moving for sanctions based on Plaintiff's unsupported assertions of personal jurisdiction over the Campbell Defendants, the Campbell Defendants do not waive their defense of lack of personal jurisdiction as set forth in their pending motion to dismiss; nor do Defendants Leonard and Thrower waive their defenses of insufficient service of process and lack of personal jurisdiction as asserted in their pending motion to dismiss.

unsupported by existing law, and failed to allege any new factual basis for personal jurisdiction. In his opposition to the Campbell Defendants' motion to dismiss, Plaintiff also made no argument for extending, modifying, or reversing existing law, or for establishing new law.  As required by Rule 11(c)(2), undersigned counsel provided counsel for Plaintiff with a copy of the Motion and a "safe harbor letter" on April 20, 2018, and has received no response.

## I.     BACKGROUND

Plaintiff is a licensed attorney in the District of Columbia and a former law professor of Defendant Campbell's Norman Adrian Wiggins School of Law (the "Law School"), located in Raleigh, North Carolina.  Plaintiff has brought this action against the Campbell Defendants alleging race discrimination and retaliation in violation of Title VII of the Civil Rights of Act of 1964 ("Title VII"), 42 U.S. Code § 2000e, *et seq.*, the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981, and various North Carolina state laws to include breach of contract, negligent supervision, common-law fraud/false pretenses, intentional infliction of emotional distress, and conversion.[2]

On December 12, 2017, Plaintiff filed this action in the Superior Court of the District of Columbia.  (Doc. 1.)  Following removal to this Court on February 12, 2018, the Campbell Defendants moved to dismiss for lack of jurisdiction on March 5, 2018, given that Plaintiff could not satisfy the District's general or long-arm jurisdictional statutes.  (Doc. 11.)  The alleged acts against the Campbell Defendants occurred outside of the District of Columbia, and these Defendants all reside in North Carolina and have no contacts of legal significance with this forum.

In response, Plaintiff amended his complaint on March 26, 2018, but did not allege any additional facts that would alter the jurisdictional analysis.  (Doc. 14.)  Plaintiff instead asserted

---

[2] Plaintiff has asserted that his tort claims do not originate under North Carolina law (Doc. 23, at 11, n.14.), yet apparently has not yet made reasonable inquiry into the applicable choice of law.

that venue is proper in the District of Columbia because Defendant Leonard, Dean of Defendant Campbell's Law School, is a former U.S. Magistrate Judge and Bankruptcy Judge from the Eastern District of North Carolina. Plaintiff then reasoned that he would be deprived of his Constitutional Due Process rights were he to file in North Carolina because the federal jurists in North Carolina would be biased against him. Plaintiff did not explain how alleged bias would allow him to circumvent the requirements of personal jurisdiction to maintain this action in this Court, nor did he provide any authority in support. To this day, Plaintiff has not provided any precedent for the proposition that this Court can consider a case when it lacks personal jurisdiction because of such alleged personal bias by the judges of the entire U.S. District Court for the Eastern District of North Carolina.

The Campbell Defendants again moved to dismiss based on lack of personal jurisdiction on April 20, 2018. (Doc. 18.) On the same day, April 20, 2018, the Campbell Defendants, through counsel, and in accordance with Federal Rule of Civil Procedure 11(c)(2), provided a "safe harbor" letter to counsel for Plaintiff, requesting that Plaintiff dismiss the case against the Campbell Defendants or the Campbell Defendants intended to seek sanctions. *See* Exhibit A.

More than twenty-one days passed, with no response from Plaintiff's counsel. On May 18, 2018, Plaintiff filed his Response in opposition to the motion to dismiss. (Doc. 23.) In this filing, Plaintiff explicitly *conceded* that the Court lacks personal jurisdiction over the Campbell Defendants (Opp. at 16), and advanced no reasoned argument why venue would be proper in this Court given the fundamental jurisdictional defect. Rather, Plaintiff used his filing to launch into a personal attack against Defendant Leonard and allege widespread bias against the judges of the Eastern District of North Carolina; this filing is the subject of the Campbell Defendants' Motion to Strike in accordance with Rule 12(f).

3

Given the expiration of the twenty-one-day "safe harbor" period, Plaintiff's intervening concession that the Court lacks personal jurisdiction over the Campbell Defendants, and Plaintiff's failure to dismiss the action or otherwise provide any authority for his specious legal theories regarding judicial bias, the Campbell Defendants have no option but to file this Motion for Sanctions.

## II.   ARGUMENT

As set forth below and as summarized in the April 20, 2018 letter, Plaintiff and his attorney knew, or should have known upon any reasonable inquiry, that this Court lacked personal jurisdiction over the Campbell Defendants at the time they filed the First Amended Complaint. In fact, Plaintiff and his attorney filed an Opposition *conceding* the Court lacks personal jurisdiction. And Plaintiff and his attorney knew, or should have known upon any reasonable inquiry, that there was no legal basis in support of a theory to maintain this action in the present forum by alleging judicial bias. To maintain the claims against the Campbell Defendants in this forum, while admitting that there is no personal jurisdiction and advancing no nonfrivolous argument for dispensing with this fundamental requirement is sanctionable conduct and a violation of Rule 11.

### A.   The Court Should Impose Sanctions Against Plaintiff, Amos N. Jones, Esq., and his Attorney, Arinderjit (A.J.) Dhali, Esq., Under Rule 11 of the Federal Rules of Civil Procedure.

Rule 11 provides for sanctions for filing any paper with the Court "'for any improper purpose,'" including harassment, delay or increasing the costs of an opponent in litigation. *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 425 (D.C. Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(1)). All factual allegations made by a litigant must likewise be made in good faith. *Id.*; *see also Maverick Entm't Grp., Inc. v. Does 1-2*, 276 F.R.D. 389, 395 (D.D.C. 2011) (stating that attorneys have a duty under Rule 11(b) "to certify that they have conducted a reasonable inquiry and have

4

determined that any papers filed with the court are well-grounded in fact . . . .") (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990))).

It is also a requirement under Rule 11 that a party's claims and legal contentions be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). *See Frantz v. U.S. Powerlifting Fed'n*, 836 F.2d 1063, 1063–64 (7th Cir. 1987) ("Rule 11 requires counsel to do legal research before filing . . . . A party may not strike out blindly and rely on its opponent to do the research to make the case or expose its fallacies."). Attorneys are required "to conduct a reasonable inquiry into the law and facts *before* signing pleadings, written motions, and other documents." Fed. R. Civ. P. 11, Advisory Comm. Notes (1993 Amendment) (emphasis added). Moreover, Rule 11 imposes on the signer a continuing duty to update because "a litigant's obligations with respect to the contents of these papers are not measured solely at the time they are filed with or submitted to the court." *Id.*

The test to determine whether a violation of Rule 11 has occurred "is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Maverick Entertainment*, 276 F.R.D. at 395 (quoting *Hickey v. Scott*, 738 F. Supp. 2d 55, 72 (D.D.C. 2010)); *see also Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 39 (D.D.C. 2006) (court must determine if "the actions in question were reasonable under the circumstances." (quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1177 (D.C. Cir. 1985))).

Plaintiff and counsel have failed to comply with Rule 11 in filing and pursuing the First Amended Complaint against the Campbell Defendants. In the pleading, Plaintiff failed to allege any facts that would provide this Court a basis for exercising personal jurisdiction over any of the Campbell Defendants. Plaintiff also asserted that he would face judicial bias by filing this lawsuit

in North Carolina, yet he has provided no legal authority for the proposition that this Court can retain the case on the ground of alleged bias when it lacks personal jurisdiction over the Campbell Defendants.

Courts have held in numerous instances that it is proper to respond to a plaintiff's baseless assertion of personal jurisdiction with Rule 11 sanctions. *See, e.g.*, *Levine v. Cty. of Westchester*, 164 F.R.D. 372, 375 (S.D.N.Y. 1996) (finding "unquestionably frivolous" an action "fail[ing] to set forth any colorable basis for personal jurisdiction"); *Hasty v. Paccar, Inc.*, 583 F. Supp. 1577, 1580 (E.D. Mo. 1984) (entertaining a motion for Rule 11 sanctions where plaintiff failed to produce evidence to establish the court's personal jurisdiction over defendant, and noting the "considerable and unnecessary expense and trouble in obtaining the dismissal"); *Bellistri v. United States*, No. 94 CIV. 3768 KMW, 1997 WL 115545, at *4 (S.D.N.Y. Mar. 14, 1997) (entertaining sanctions where plaintiff made no "reasonable efforts to interpret the law of personal jurisdiction in a novel or creative manner," failed to allege prima facie personal jurisdiction, and could not "offer a viable argument" of personal jurisdiction). Plaintiff has not put forth any evidence that the Court has personal jurisdiction over any of the Campbell Defendants on any colorable basis under existing law. Plaintiff has also made no reasonable efforts—indeed, no efforts at all—to advance any legal theory on *how* alleged judicial bias in *another* district would allow *this* Court to ignore the important requirements of personal jurisdiction.

A case from this District Court addressing Rule 11 sanctions where jurisdiction was wanting is instructive. In *Son Ly v. Solin, Inc.*, the court *sua sponte* ordered plaintiffs' counsel to show cause why it should not impose Rule 11 sanctions because of the clear lack of jurisdiction

6

(in this instance, subject-matter jurisdiction). 910 F. Supp. 2d 22, 31–32 (D.D.C. 2012).[3]  It was apparent to the court that counsel had not made the reasonable inquiry required under Rule 11 when asserting diversity jurisdiction in the original complaint. *Id.* at 31. When plaintiffs' counsel amended the complaint to add baseless RICO claims under federal question jurisdiction, the court wrote that the claims "were not warranted by existing law or a 'nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law.'" *Id.* at 32 (quoting Fed. R. Civ. P. 11(b)(2)). Rather, in ordering counsel to show cause, the court stated that it appeared "the RICO claims were frivolously filed solely to invoke the jurisdiction of this Court and sanctions under Rule 11 may be warranted." *Id.*

Similarly, it is apparent that Plaintiff and his attorney have not made the required reasonable inquiry when amending their complaint adding no new factual contentions relating to personal jurisdiction. Plaintiff also amended his pleading to include argument that nonspecific judicial bias would result if he filed in North Carolina, but has not shown how his vague allegation or inapposite legal authority would allow this Court to ignore personal jurisdiction. Further, Plaintiff's reliance on 28 U.S.C. § 455(a) is unavailing because it only allows for a judge to recuse himself and not other judges, particularly judges in another district. *See Va. Elec. Power Co. v. Sun Shipbuilding and Dry Dock Co.*, 539 F.2d 357, 364 (4th Cir. 1976). Plaintiff has in fact conceded that the Court lacks personal jurisdiction, but offers no argument under existing law, nor offers any nonfrivolous theory to make new law, that would allow the Court to retain the case.[4]

---

[3]  Even where a court lacks jurisdiction over a plaintiff's claims, it has the power to retain the matter in order to determine Rule 11 sanctions. *Son Ly*, 910 F. Supp. 2d at 31 (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 138–39 (1992)).

[4]  Plaintiff has made general citations to judicial bias caselaw and law review articles, but never explains *how* allegations of judicial bias allow him to dodge personal jurisdiction, and provides *no* legal authority or theory in support. He refers to Constitutional Due Process, but does not explain *how* this trumps personal jurisdiction, and provides *no* legal authority or theory in support. Rule 11 sanctions are appropriate where general principles are advanced by an attorney but not tied to the facts at issue, or simply do not apply in

This is the very definition of a Rule 11 violation. It is not reasonable for Plaintiff, an attorney and law professor himself, and his own attorney, Mr. Dhali, to believe that there is a chance for success for such arguments under existing law. Any reasonable inquiry into the facts would have led to the conclusion that this Court has no personal jurisdiction over the Campbell Defendants. Plaintiff conceded this fact in the opposition to the Campbell Defendants' motion to dismiss. And any reasonable inquiry into the law would have resulted in the conclusion that there was no law supporting the assertion that allegations of judicial bias trump jurisdictional requirements. Nor did Plaintiff make any reasonable argument to extend, modify, or reverse existing law, or create new law in support of his jurisdictional theory. Plaintiff's unsupported argument that judicial bias in another court permits this Court to dispense with personal jurisdiction against the Campbell Defendants is patently frivolous and subject to sanctions. The Court should sanction Plaintiff and his attorney under Rule 11 as a result.

## III.   CONCLUSION

WHEREFORE, for the above and foregoing reasons, the Campbell Defendants respectfully request this Court to impose appropriate sanctions, including an order to pay the Campbell Defendants their reasonable expenses, including their attorneys' fees, incurred in defending this action, and for such further relief as this Court deems just and proper under the circumstances.

*[Signatures on following page.]*

---

the initial instance. *See, e.g., Corporate Printing Co., Inc. v. N.Y. Typographical Union No. 6*, 886 F. Supp. 340, 345 (S.D.N.Y. 1995) (Sotomayor, J.) (finding Rule 11 sanctions appropriate against attorney whose "papers discussed broad policy issues that were inapplicable to the circumstances of his case").

To the extent the Court discerns that Plaintiff's Opposition to the Campbell Defendants' Motion to Dismiss the First Amended Complaint also warrants consideration for sanction under Rule 11, it may raise the issue *sua sponte* under its inherent power. *See Son Ly*, 910 F. Supp. 2d at 31 (citing Fed. R. Civ. P. 11(c)(1)(B)).

8

This 31st day of May, 2018.

Respectfully submitted,


  /s/ Zachary S. Stinson
Zachary S. Stinson, D.C. Bar No. 1013536
Michael J. Murphy, D.C. Bar No. 421287
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
zach.stinson@ogletree.com
michael.murphy@ogletree.com

Gina W. Calabro, *admitted pro hac vice*
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Tel: (919) 789-3178
gina.calabro@ogletree.com
*Counsel for Defendants Campbell University,
John Bradley Creed, Timothy Zinnecker, and
Robert Cogswell*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was electronically filed via the Court's

ECF filing system on this 31st day of May, 2018, which will notify registered counsel listed below:

> Arinderjit (A.J.) Dhali, Esq.
> Dhali PLLC
> 1828 L Street, N.W., Suite 600
> Washington, D.C.  20036
> (202) 556-1285
> ajdhali@dhalilaw.com
> *Counsel for Plaintiff, Amos N. Jones*
>
> Thomas L. McCally, Esq.
> Carr Maloney P.C.
> 2020 K Street, N.W., Suite 850
> Washington, D.C.  20006
> (202) 310-5500
> tlm@carrmaloney.com
> *Counsel for Defendant The Catholic University of America*

>     */s/ Zachary S. Stinson*
> Zachary S. Stinson, D.C. Bar No. 1013536
> OGLETREE, DEAKINS, NASH,
>   SMOAK & STEWART, P.C.
> 1909 K Street, N.W., Suite 1000
> Washington, D.C.  20006
> Tel:  (202) 887-0855
> Fax: (202) 887-0866
> zach.stinson@ogletree.com

34290264.1

10

# EXHIBIT A

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Telephone: 919.787.9700
Facsimile: 919.783.9412
www.ogletree.com

Regina W. Calabro
919.789.3178
Gina.Calabro@ogletree.com

April 20, 2018

**Via Email (ajdhali@dhalilaw.com) and U.S. Mail**
Mr. A.J. Dhali, Esq.
Dahli PLLC
1828 L Street, NW, Suite 600
Washington, D.C. 20036

RE:   *Jones v. Campbell University [sic], No. 18-cv-321 (D.D.C.)*
      Rule 11 Notice

Dear Mr. Dhali:

We are writing to request that your client, Amos Jones, voluntarily dismiss with prejudice the 1st Amended Complaint against Campbell University [sic], John Bradley Creed, J. Rich Leonard, Robert Cogswell, Timothy Zinnecker, and Susan Thrower ( the "Campbell Defendants").

We are providing this letter under Rule 11(c)(2), Fed. R. Civ. P., as notice of the Campbell Defendants' intention to seek sanctions if Mr. Jones refuses to dismiss his 1st Amended Complaint within 21 days of this letter.

You have failed to allege any facts that would provide the district court in the District of Columbia a basis for exercising personal jurisdiction over any of the Campbell Defendants.

As set forth in the Campbell Defendants' Motion to Dismiss [Docket 11] and Memorandum in Support of their Motion to Dismiss [Docket 11-1], there is no factual or legal basis to support Mr. Jones' assertion that the Campbell Defendants are subject to the personal jurisdiction of the federal or state courts sitting in the District of Columbia.

Nonetheless, after receiving the Campbell Defendants' Motion to Dismiss, your client filed a 1st Amended Complaint in the U.S. District Court for the District of Columbia, disregarding the Campbell Defendants' factual and legal arguments in opposition to personal jurisdiction. Instead, Mr. Jones asserts in his 1st Amended Complaint that he will face judicial bias if he filed his lawsuit in North Carolina.

There is no precedent whatsoever for the proposition that the District Court for the District of Columbia can consider a case when it lacks personal jurisdiction over the defendants because of alleged personal bias by all of the judges in a court that could exercise personal jurisdiction. Further, even assuming the District Court for the District of Columbia had personal jurisdiction over

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

A.J. Dhali
April 20, 2018
Page 2

**Ogletree**
**Deakins**

the defendants, the only remedy under the recusal statute is for Judge Cooper to recuse himself. *See* 28 U.S.C. § 455(a); *Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 255 (D.D.C. 2017); *Va. Elec. Power Co. v. Sun Shipbuilding and Dry Dock Co.*, 539 F.2d 357, 364 (4th Cir. 1976). Judge Cooper has no authority to recuse other judges serving in the Districts Court for the District of Columbia, much less all of the judges serving on the Districts Court for the Eastern District of North Carolina.

Accordingly, plaintiff's 1st Amended Complaint fails to meet the standard required of all pleadings under Federal Rule of Civil Procedure 11(b) because the claims and other legal contentions set forth in the 1st Amended Complaint asserting personal jurisdiction over the Campbell Defendants are *not* warranted by existing law. Nor has plaintiff made any nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Therefore, sanctions are appropriate if your client refuses to dismiss his 1st Amended Complaint.

Your client's false and frivolous allegations have damaged the reputation of Campbell University, Incorporated, as intended by your client, and wrongfully cost the Campbell Defendants a significant amount in attorney's fees and costs.

You have a good reputation with the lawyers in our D.C. office and we do not write this letter lightly.

However, we are providing this notice because the Campbell Defendants intend to file a Motion for Sanctions and pursue all available remedies under Rule 11, including costs and attorneys' fees, should Mr. Jones decline to dismiss this frivolous case within 21 days of this letter.

Sincerely,

Regina W. Calabro
RWC/kmy

33803937.1

TO BE PRESENTED TO COURT AFTER 21 DAYS
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

AMOS N. JONES,

      *Plaintiff,*

    v.

CAMPBELL UNIVERSITY, *et al.*,

      *Defendants.*

Case No. 1:18-cv-0321-CRC

## DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11 AND 28 U.S.C. §1927

Defendants, Campbell University, Incorporated (incorrectly named as "Campbell University"), John Bradley Creed, Robert C. Cogswell, and Timothy Zinnecker (the "Campbell Defendants"),[1] by counsel, respectfully move the Court to impose sanctions on Plaintiff Amos N. Jones and his attorney, Arinderjit (A.J.) Dhali, under Federal Rule of Civil Procedure 11(b) and pursuant to 28 U.S.C. § 1927, and/or the inherent authority of the Court.

Defendants hereby incorporate, by reference, its contemporaneously filed Brief in Support of Defendants' Motion for Sanctions Under Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927. The April 20, 2018 letter that defense counsel sent to Plaintiff's Counsel pursuant to Federal Rule of Civil Procedure 11(c)(2) is attached hereto as Exhibit A.

WHEREFORE the Campbell Defendants respectfully move the Court to impose appropriate sanctions against Plaintiff and his attorney, including an order to pay the Campbell Defendants their reasonable expenses, including attorneys' fees, incurred in defending this action.

---

[1] Defendants J. Rich Leonard and Susan Thrower have not been served as of the date of this Motion.

This ___ day of _____, 2018.

Respectfully submitted,

___/s/ Zachary S. Stinson_____
Zachary S. Stinson, D.C. Bar No. 1013536
Michael J. Murphy, D.C. Bar No. 421287
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
Tel: (202) 887-0855
Fax: (202) 887-0866
zach.stinson@ogletree.com
michael.murphy@ogletree.com

Gina W. Calabro, *admitted pro hac vice*
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Tel: (919) 789-3178
gina.calabro@ogletree.com
*Counsel for Defendants Campbell University,*
*John Bradley Creed, Timothy Zinnecker, and*
*Robert Cogswell*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was electronically filed via the Court's ECF filing system on this ___ day of _____, 2018, which will notify registered counsel listed below:

Arinderjit (A.J.) Dhali, Esq.
Dhali PLLC
1828 L Street, N.W., Suite 600
Washington, D.C. 20036
(202) 556-1285
ajdhali@dhalilaw.com
*Counsel for Plaintiff, Amos N. Jones*

Thomas L. McCally, Esq.
Carr Maloney P.C.
2020 K Street, N.W., Suite 850
Washington, D.C. 20006
(202) 310-5500
tlm@carrmaloney.com
*Counsel for Defendant The Catholic University of America*

/s/ Zachary S. Stinson
Zachary S. Stinson, D.C. Bar No. 1013536
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
Tel: (202) 887-0855
Fax: (202) 887-0866
zach.stinson@ogletree.com

33803475.1

3

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

AMOS N. JONES,

      *Plaintiff,*

    v.

CAMPBELL UNIVERSITY, *et al.,*

      *Defendants.*

Case No. 1:18-cv-0321-CRC

### [PROPOSED] ORDER

    UPON CONSIDERATION of Defendants Campbell University, Incorporated, John Bradley Creed, Robert Cogswell, and Timothy Zinnecker's (collectively, the "Campbell Defendants") Motion for Sanctions under Federal Rule of Civil Procedure 11, and any opposition thereto, it is, this ___ day of _____, 2018, hereby

    **ORDERED**, that the Campbell Defendants' Motion for Sanctions against Plaintiff, Amos N. Jones, Esq., and his attorney, Arinderjit (A.J.) Dhali, Esq., is **GRANTED**; and it is

    **FURTHER ORDERED**, that by _____ the Campbell Defendants shall submit their attorneys' fees and expenses incurred in defending this action.


_____
THE HONORABLE CHRISTOPHER R. COOPER
UNITED STATES DISTRICT JUDGE